UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LISA POWER,

      Plaintiff,

v.                                    CASE NO. 3:23-cv-852-WWB-MCR

LOWE'S HOME CENTERS, LLC,
LOWE'S COMPANIES, INC., and
JANE DOE,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion to Amend Complaint, Add Defendant and Remand ("Motion") (Doc. 18) and Defendant's Response in Opposition to Plaintiff's Motion to Amend Complaint, Add Defendant, and Remand ("Response") (Doc. 21). For the reasons stated herein, it is respectfully **RECOMMENDED** that the Motion be **GRANTED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

I.   **Background**

This action arises from an incident on December 4, 2022, at a Lowe's store where Plaintiff suffered personal injuries. (*See* Doc. 1.) Plaintiff sued Defendants in state court to recover for injuries. On July 20, 2023, Defendants timely removed the case by invoking the Court's diversity jurisdiction. (*Id.*) On August 21, 2023, Plaintiff filed a motion attempting to remand the case to state court. (Doc. 7.) The Court denied Plaintiff's request. (Doc. 16.) Now, Plaintiff seeks remand again, under the notion that the Court should allow Plaintiff to add a Defendant, Jami Poole, who resides in Columbia County, Florida. (Doc. 18 at 6.) Plaintiff argues that adding Jami Poole as a defendant in this case would summarily destroy diversity amongst the parties. (*Id.*) Specifically, Plaintiff contends:

> Plaintiff identified Jami Poole as "Jane Doe" in the Complaint because Ms. Poole's name was unknown to Plaintiff at the time of filing the Complaint. Plaintiff only seeks to amend the Complaint to correctly identify Ms. Poole as a Defendant. Permitting Plaintiff to do so would not prejudice any of the Defendants and would not be futile. Therefore, amendment under Rule 15(a) is appropriate.

(*Id.* at 4.) (internal footnote omitted).

Plaintiff further contends:

> Here, Plaintiff seeks to add Jami Poole as a party to this case because she was the person who was operating the pallet jack at the time of the subject-incident. Plaintiff's claim against Ms. Poole, like her claim against the other Defendants, is based on the events that occurred at a Lowe's store when she was

2

> injured by a pallet jack, and not on any other occurrence or series of occurrences. Accordingly, Plaintiff's claim against Ms. Poole arises out of the same transaction or occurrence giving rise to her claims against the other named Defendants.
>
> The joinder of Ms. Poole also fulfills the second requirement under Rule 20(a)(2). While there may be different theories of liability against Ms. Poole and the other named Defendants, the events leading up to Plaintiff's injuries and the extent of her damages are common questions of fact that must be resolved with respect to Plaintiff's claims against Ms. Poole and the other named Defendants. In addition, allowing Plaintiff to add Ms. Poole as a party to this case would eliminate the need for Plaintiff to file a separate lawsuit against her. For these reasons, joinder of Ms. Poole is appropriate under Rule 20(a).
>
> . . .
>
> Plaintiff should be permitted to amend the Complaint and add Jamie Poole as a named Defendant. If the Court enters an order granting Plaintiff's request, the Court must remand this case back to Florida state court because Plaintiff and Ms. Poole are both Florida citizens (Exhibit 2 at ¶2-3) and the addition of Ms. Poole as a named Defendant destroys complete diversity. *See Ingram v. CSX Transport, Inc.*, 146 F.3d 858, 861 (11th Cir. 1998) ("It is axiomatic that lack of complete diversity between the parties deprives federal courts of jurisdiction over a lawsuit.").

(*Id*. at 5-6.)

In the Response, Defendant, Lowe's Home Centers, LLC, avers that:

> When this matter was initially filed in State Court, there was complete diversity of citizenship between the parties. At the time Defendants removed this matter, there was complete diversity of citizenship between the parties. Plaintiff now seeks to add Jami Poole as a Defendant. Plaintiff is clearly seeking to add Ms. Poole as a party in order to destroy diversity jurisdiction and remand the case back to state court. Plaintiff has been aware of Ms. Poole's identity from the start. Plaintiff even provided a statement that included Ms. Poole's full name. *See* Exhibit 3.

3

> There was no reason why Plaintiff could not have added Ms. Poole as a Party at the time the Complaint was filed or before this action was removed to Federal Court.

(Doc. 21 at 6.) On this basis, Defendant requests that the Court deny the Motion.

## II.     Standard

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The decision whether to permit amendment is within the court's sound discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court has held, however, that the words "leave shall be freely given" must be heeded. *Id.* Consequently, the Court must find a justifiable reason to deny a request for leave to amend. *Id.* "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." *Taylor v. Florida State Fair Auth.*, 875 F. Supp. 812, 814 (M.D. Fla. 1995) (citing *Foman*, 371 U.S. at 182); *see also Carruthers v. BSA Advert.*, 357 F.3d 1213, 1217 (11th Cir. 2004).

Despite this permissive standard, because "Plaintiff's amended complaint seeks to join a non-diverse defendant, it must be analyzed under

4

28 U.S.C. § 1447(e)." *Adkins v. Allstate Fire and Cas. Ins. Co.*, No. 2:14-cv-588-FtM-38DNF, 2015 WL 64544, at *2 (M.D. Fla. Jan. 5, 2015). The relevant statute provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). This statute allows the district court broad discretion in determining whether to allow the joinder of non-diverse parties after the defendant has removed the case from state court to federal court based on diversity. Accordingly, the question in this case becomes whether the Court should exercise its discretion to allow Plaintiff to amend her Complaint to add Jami Poole, which would in turn destroy diversity.

In *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), the Fifth Circuit established a list of factors a trial court should consider when making the determination as to whether to allow the joinder of parties who would destroy diversity. This framework has subsequently been adopted by the courts of many other districts, including the Middle District of Florida. *See Adkins v. Allstate Fire and Cas. Ins. Co.*, No. 2:14-cv-588-FtM-38DNF, 2015 WL 64544, at *2 (M.D. Fla. Jan. 5, 2015). In *Hensgens*, the court recognized

5

the competing interests inherent when a plaintiff seeks to add a non-diverse defendant: "On one hand, there is the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources. On the other side, the diverse defendant has an interest in retaining the federal forum." 833 F.2d at 1182. In balancing these competing interests, the court determined that:

> justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

*Id*. The Court will evaluate each of these factors in turn in determining whether it should deny joinder or permit joinder and remand this case to state court.

### III. Analysis

#### A. The extent to which the purpose of the amendment is to defeat federal jurisdiction

Defendant claims that Plaintiff seeks to amend the complaint to add Jami Poole as a defendant in order to destroy diversity. While Defendant cites to several cases where the Plaintiff sought to add parties after removal,

6

the cases Defendant cites to do not directly address the situation at hand where the Plaintiff does not seek to add just any additional defendants, but instead seeks to substitute a named defendant for a formerly fictitiously named defendant. (*See* Doc. 21 at 5-7.)

Indeed, courts faced with this situation have concluded that a plaintiff's inclusion of fictitious defendants in its state court complaint indicated an intent to amend the complaint to add these defendants when their real identity was discovered, and therefore weighed against any inference that the plaintiff's true motivation in making the substitution was to destroy diversity. *Nelson v. Bos. Mkt. Corp.*, No. 816CV3355T24TBM, 2017 WL 393870, at *2 (M.D. Fla. Jan. 30, 2017); *McAreavey v. SFM, LLC*, No. 8:23-cv-48-CEH-SPF, 2023 WL 4296304, at *2 (M.D. Fla. June 30, 2023).

As the Court in *Gilbert v. Stepan Co.*, noted:

> [t]he use of fictitious pleading in the [complaint] indicates that, prior to removal of this action, plaintiff intended to join additional real defendants once the identities of these defendants were determined. The fact that the plaintiff was unable to effect the substitution before [defendant] removed does not somehow convert any subsequent effort at substitution into a joinder for the sole purpose of destroying diversity.

24 F. Supp. 2d 355, 358 (D.N.J. 1998); *See also Smith v. Catosouth, LLC*, 432 F. Supp.2d 679, 680-82 (S.D. Miss. 2006) ("the fact that a plaintiff has

7

included a defendant as a fictitious defendant in his state court pleading would tend to belie an inference that the plaintiff's motivation for seeking to amend post-removal to substitute a real party for the one previously identified only as a fictitious party is to defeat diversity jurisdiction.") (internal quotations and citations omitted); *Galue v. Clopay Corp.*, No. 20-23704-CIV, 2020 WL 7385851, at *2 (S.D. Fla. Dec. 15, 2020) (refusing to conclude that plaintiff's principal motivation was to defeat federal jurisdiction where use of fictitious defendants in state court complaint indicated intent to include additional defendants from commencement of action).

Similarly, in this case, the undersigned finds that Plaintiff's principal motivation was not to destroy diversity. Plaintiff evidenced an intent to later amend the complaint to add Ms. Poole once her identity was discovered by using a fictitious name in the initial state court complaint. This factor weighs in favor of permitting amendment.

      **B.**    **Whether plaintiff has been dilatory in asking for amendment**

Although Defendant provides an exhibit that is supposed to support the proposition that Plaintiff knew of Plaintiff's identity from the start—there is no context for the exhibit. (Doc. 21-3.) To be sure, there is no indication of

8

when Plaintiff wrote the statement and nothing showing when Plaintiff was made aware of Ms. Poole's identity based on the statement. According to Plaintiff, she did not discover Poole's identity until the pre-discovery corporate disclosure statements were exchanged on September 13, 2023. (Doc. 18 at ¶5.) Furthermore, the original Case Management Order allowed for amendment of pleadings until November 1, 2023, which makes Plaintiff's motion timely. (Doc. 12 at 1). Therefore, the undersigned finds that Plaintiff has not been dilatory in requesting amendment. Accordingly, this factor weighs in favor of joinder.

### C.  Whether the plaintiff will be significantly injured if the amendment is not granted

The undersigned notes that parallel lawsuits may cause Plaintiff to bear additional costs and time and does not serve the purpose of judicial economy. *Castelli v. Target Corp.*, No. 8:19-cv-01206-CEH-AAS, 2019 U.S. Dist. LEXIS 229013 at *18 (M.D. Fla. Nov. 12, 2019) ("parallel lawsuits are hardly conducive to judicial economy and efficiency."); s*ee also Godwin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Inc.*, No. 2:05CV783–SRW (WO), 2006 WL 3924795, at *3 (M.D. Ala. 2006) (noting "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources")). If Plaintiff's Motion is denied, she will

9

be forced to pursue her claim against Ms. Poole in state court. Therefore, the undersigned finds that Plaintiff will be prejudiced if required to pursue her claims in two different courts. *See Cantave v. Holiday CVS, L.L.C.*, No. 21-cv-22344, 2021 WL 4523697, at *3 (S.D. Fla. Oct. 4, 2021) ("denying leave to amend will not only result in multiple lawsuits on the same essential subject matter, but will also run afoul the interest of the public and the courts in the complete and efficient settlement of controversies.")

### D. Other Factors Bearing on Equities[2]

Defendant was in the best position to know the citizenship of Jane Doe but removed the case. This fact has been held to weigh in favor of allowing the amendment. *See Technical Olympic USA, Inc. v. Deutsche Bank Trust Co. Ams.*, No. 06-61830-CIV-DIMITROULEAS, 2007 WL 9700946, at *6 (S.D. Fla. Mar. 19, 2007); *Bloesch v. Wal-Mart Stores E., LP*, No. 8:19-cv-3156-T-02TGW, 2020 WL 1188469, at *2 (M.D. Fla. Mar. 12, 2020).

Having considered the *Hensgens* factors and exercising discretion, the undersigned recommends that the Court permit the amendment. Once the amended complaint is filed, diversity jurisdiction will not exist, and the

---

[2] Although the undersigned expresses its concern with the conferral issues mentioned in Defendant's response (Doc. 21 at 2-5), these issues are not enough to impact the undersigned's recommendation.

undersigned recommends that this case be remanded to Florida state court.

Accordingly, it is **RECOMMENDED**:

1. The Motion (**Doc. 18**) be **GRANTED**.

2. Plaintiff file the Amended Complaint (**Doc. 18-2**), as a separate document.

3. This case be **REMANDED** to the Circuit Court for the Third Judicial Circuit, in and for Columbia County, Florida.

4. The Clerk be directed to transmit a certified copy of this Order to the Clerk of the Third Judicial Circuit Court, in and for Columbia County, Florida.

5. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on February 6, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Wendy W. Berger
U.S. District Judge
Counsel of Record

11